# Exhibit 2

**Jennifer Keegan**
Investigator
Special Investigations Unit (SIU)

Cigna

April 14, 2023

900 Cottage Grove Road
W3SIU
Hartford, CT 06152
Telephone (860) 226-1942
Facsimile (833) 870-5470
Jennifer.Keegan@Cigna.com

**CONFIDENTIAL**
**VIA CERTIFIED FEDEX MAIL AND SECURE EMAIL**

East Coast Advanced Plastic Surgery LLC
Attn: Dr. Cyrus Loghmanee, President
200 South Orange Ave – Suite 295
Livingston, NJ 07039

RE: Retrospective Review Findings

Dear Dr. Loghmanee:

Cigna routinely monitors and conducts external audits in order to meet its obligations to customers, healthcare professionals, clients and government programs. As part of our routine monitoring and auditing, we recently conducted a post-payment review of services submitted under tax identification number 452574498. Billing and collection records were requested, however despite multiple attempts to gather this information, East Coast Advanced Plastic Surgery (ECAPS) refused to provide the information. A comprehensive review was performed, which included an examination for collection attempts of Cigna customers' cost share obligations. The audit identified damages in the amount of $8,564,795.58.

*What this means to you:*

For this audit, Cigna requested billing and collection records for 41 Cigna customers as part of a statistically valid random sample. The requested documentation for all 41 customers was not produced to Cigna despite our many attempts. Cigna was therefore forced to conclude our audit based on evidence gathered through customer communications.

At this time, we are writing to inform you of our findings related to the billing and collection of customer cost share amounts. In particular, the audit identified that ECAPS does not consistently bill Cigna customers their full, out-of-network cost share responsibility (i.e., copayment, deductible, and/or coinsurance) and/or balance amounts (i.e., any portion of your billed charges that exceeds the allowed amounts under plan terms). Cigna takes the waiver of any portion of our customers' cost share requirements and balance amounts very seriously.

Accepting an insurer's payment and waiving, negotiating, or reducing any portion of a customer's cost share obligation and/or balance amount – a practice known as "fee-forgiveness" – is a violation of the terms of our Cigna customer benefit plan agreements and renders your charges not covered. This remains true regardless

All Cigna products and services are provided exclusively by or through operating subsidiaries of Cigna Corporation, including Cigna Health and Life Insurance Company, Connecticut General Life Insurance Company, Evernorth Behavioral Health, Inc., Evernorth Care Solutions, Inc.,Cigna Health Management, Inc., and HMO or service company subsidiaries of Cigna Health Corporation. The Cigna name, logo, and other Cigna marks are owned by Cigna Intellectual Property, Inc. Evernorth Behavioral Health, Inc., Evernorth Care Solutions, Inc. is a licensed and accredited utilization review entity.

© Copyright 2023 Cigna.

of the form in which the waiver/reduction takes place (e.g., "prompt pay discounts", "financial hardship waivers", etc...). See North Cypress Medical Center v. Cigna Healthcare, et al., Case No. 18-20576, (5th Cir., Order Date 3/19/2020) (upholding Cigna's application of fee forgiving exclusion where provider offered prompt pay discounts). Indeed, Cigna health benefits plans specifically exclude from coverage "charges which you [the Cigna customer] are not obligated to pay or for which you [the Cigna customer] are not billed or for which you [the Cigna customer] would not have been billed except that they were covered under this plan." Our plans also define "Covered Expenses" as "expenses *incurred* by or on behalf of a person for the charges below if they are *incurred* after he becomes insured for these benefits," and "Deductible" and "Coinsurance" as amounts required to be paid by the Cigna customer. Therefore, the plan's obligation to pay does not commence until the full, out-of-network cost share deductible has been satisfied. In other words, only expenses that a Cigna customer is obligated to pay are reimbursable.

Moreover, Cigna views the waiver of any portion of a customer's cost share obligation and/or balance amount, whether occurring up front at the time of medical services or after receipt of Cigna's payment, on any particular claim, or any portion thereof, as potentially fraudulent. See, e.g., United States v. Nichols, 977 F.2d 583 (6th Cir. 1992) (dentist's scheme to waive copayments fell within the parameters of the mail fraud statute). See also Neder v. United States, 525 U.S. 1, 22 (1999) (actionable fraud has a well-settled meaning of material misrepresentation or omission); Connecticut General Life Insurance Company, et al. v. Humble Surgical Hospital, LLC, 878 F.3d 478 (5th Cir. 2017) (fee forgiving can be a misrepresentation of actual charges and form the basis of a fraud claim).

When fee-forgiving occurs, our customer benefit plans specifically give us the right to deny claims and/or withhold payments – even for procedures that have been deemed medically necessary or allowable – until we can verify a customer has paid their appropriate cost share and balance amounts per their benefit plans.* This remains true even in cases when we have pre-certified or pre-authorized services. Please note that all health care professionals, including those who are non-participating, must abide by the terms of our benefit plans when seeking reimbursement from Cigna. Therefore, we will deny your claims until you can establish proof of payment by your patient to our satisfaction. You can verify that your patient paid their applicable cost share and balance amounts by providing documented proof of payment for the medical procedure(s) at issue.

Cigna expects ECAPS to abandon its practice of waiving any portion of the cost share obligations and balance amounts of Cigna customers. As this letter makes clear, ECAPS does not have the unilateral authority to do so, and this business practice directly impacts whether a coverable loss exists on any claim submitted by ECAPS. Accordingly, should ECAPS persist in the waiving of any portion of the cost share obligations and/or balance amounts of Cigna customers, it will be obligated to inform every Cigna customer that Cigna has informed ECAPS that this practice violates the terms and conditions of their health benefits plan and will render ECAPS' charges non-coverable. ECAPS' failure to inform each Cigna customer of this material fact will constitute consumer fraud, which is actionable under state law and further renders its charges non-coverable as Cigna health benefit plans do not cover charges where "the payment is unlawful where the person resides when the expenses are incurred."

*What you need to do:*

Cigna issues payment in good faith and relies upon the submitter to certify the accuracy of the information being billed. The findings of Cigna's retrospective review revealed that ECAPS has engaged in the waiver of customer cost share and balance amounts. Based on the significant issues identified in this audit, as discussed above, a refund is required.

As a result of the foregoing, Cigna has identified damages in the amount of $8,564,795.58 with respect to claims submitted by ECAPS that were processed between January 1, 2019 and March 24, 2023. Cigna requires that this full amount be refunded.

Cigna plans vest Cigna with the discretion and authority to recover an "overpayment from the person to whom or on whose behalf it was made . . . ." Accordingly, please send a check payable to Cigna to the following address:

April 14, 2023

**Connecticut General Life Insurance Company**
**Attn: Recovery Check Specialist**
**900 Cottage Grove Road, W3SIU**
**Hartford, CT 06152**

In addition to the identified damages, a flag has been placed that will deny claims pursuant to the significant issues outlined above. Be advised that the flag will deny claims whether they are submitted to Cigna by you or by the patient directly. Therefore, you should give notice to all Cigna patients *prior* to rendering services that ECAPS' services will not be covered or reimbursed by Cigna or any of its Plans. Cigna previously provided ECAPS an opportunity to resolve this discrepancy prior to taking action against claims. However, this issue has not been resolved to date. Therefore, effective immediately, Cigna will deny claims until we can verify that the affected customers have paid their applicable cost share and balance amounts per their benefit agreement. Cigna will continue to deny claims until ECAPS can establish proof of payment by patients to our satisfaction. Verification that patients have paid their applicable cost share can be demonstrated by providing documented objective proof of payment for the procedure(s) at issue. To the extent you deem the denial or explanation code in any Explanation of HCP Payment issued by Cigna to be insufficient, I incorporate the explanation in this letter by reference therein.

As always, Cigna reserves the right to conduct any additional post-payment audits that it deems necessary to enforce its plan requirements. Cigna also reserves the right to review and contest the actual charges of any claims submitted.

Finally, in addition to all previous disclaimers, this letter also further confirms that a request for benefits information, pre-authorization or pre-certification is not a promise or guarantee of coverage or payment, and that Cigna representatives who respond to such requests do not have authority to bind Cigna to pay at any particular rate or amount. Moreover, all benefits information calls and the information provided therein are subject to all plan provisions, including eligibility requirements, exclusions, limitations and state mandates, and we expect you to honor and adhere to the terms and conditions of our benefits plans.

We would like to work cooperatively in resolving this issue. However, if we do not hear from you by close of business May 15, 2023 we will proceed accordingly. Should you have any questions regarding this matter, please contact me directly at (860) 226-1942 or via email at Jennifer.Keegan@cigna.com

Sincerely,

Jennifer Keegan
Investigator
Cigna Special Investigations Unit

*Applicable language in customer benefit plans includes: charges which you [the Cigna customer] are not obligated to pay or for which you [the Cigna customer] are not billed or for which you [the Cigna customer] would not have been billed except that they were covered under this plan. For example, if Cigna determines that a provider is or has waived, reduced, or forgiven any portion of its charges, and/or any portion of copayment, deductible, or coinsurance amount(s) that you are required to pay for a Covered Service (as shown on the Schedule) without Cigna's express consent, then Cigna in its sole discretion shall have the right to deny the payment of benefits in connection with the Covered Service, or reduce the benefits in proportion to the amount of copayment, deductible, or coinsurance amounts waived, forgiven or reduced, regardless of whether the provider represents that you remain responsible for any amounts that your plan does not cover. In the exercise of that discretion, Cigna shall have the right to require you to provide proof

sufficient to Cigna that you have made your required cost share payment(s) prior to the payment of any benefits by Cigna. This exclusion includes, but is not limited to, charges of a Non-Participating Provider who has agreed to charge you or charged you at an in-network benefits level or some other benefits level not otherwise applicable to the services received.

** Please note that we reserve the right to apply any exclusion or coverage policy to your claims that may be applicable. This includes plan provisions, including eligibility requirements, exclusions, limitations and state mandates, and we expect you to honor and adhere to the terms and conditions of our benefits plans, including those provisions discussed in detail in this letter.